UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:26-cv-173-BJB-LLK

RYAN GREGORY PLAINTIFF

v.

INGRAM BARGE COMPANY, LLC DEFENDANT

MEMORANDUM OPINION AND ORDER
DECLINING TO ENTER CIVIL PROTECTIVE ORDER [DN 17-1]

Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter has been referred to United States Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions and conducting a settlement conference. [Text Order at DN 8]. Presently at issue is a Joint Motion for Civil Protective Order submitted by counsel for the parties. [DN 17]. The Motion is brought pursuant to Fed. R. Civ. P. 26(c) and the parties seek to protect "Confidential Information produced in this action pursuant to the Federal and Local Rules of Civil Procedure governing disclosure and discovery." [DN 17-1] at 1.

**Applicable Law**. Rule 26 of the Federal Rules of Civil Procedure affords the Court broad discretion to grant or deny protective orders. *Proctor & Gamble Co. v Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court is increasingly scrutinizing protective orders that do not make the necessary showing of good cause required by the Federal Rules and the relevant case law. *See Global Hemp, Inc. v. Industrial Hemp Solutions*, LLC, 5:20-cv-12-TBR-LLK, 2020 WL 12846562, at *1 (W.D.Ky. Oct. 6, 2020) (collecting cases). Pursuant to Rule 26(c)(1)(G),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or

> commercial information not be revealed or be revealed only in a specified way …." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. . .."

*Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). Generally, this Court is disinclined to enter agreed protective orders as they do not comply with the requirement that the parties certify their good faith efforts to resolve a discovery dispute.

**Analysis**. In order for a protective order to be granted, the movants seeking it must establish good cause by articulating "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought …." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). In the instant case, the parties have failed to articulate specific facts that show a clearly defined and serious injury would result from the disclosure of the "Confidential Information" sought to be protected. In fact, the tendered Civil Protective Order does not define the "Confidential Information" sought to be protected, nor does it identify any specific legal basis for protecting "Confidential Information." Mere conclusory statements and generalizations do not meet the articulation requirement. Under the tendered, proposed Civil Protective Order, the class of documents subject to protection could be most anything that either party designates: "A Producing Party may designate as "Confidential" any Documents that the Producing Party in good faith contends constitute or contain Confidential Information." [DN 17-1] at 2. As tendered, the Civil Protective Order offers no defined, narrowly tailored class of documents sought to be protected and provides no legal basis for that protection.

By way of example, this Court points to its prior decision in *Bussell v. Elizabethtown Independent School District*, 3:17-cv-00605-GNS, DN 27 (W.D. Ky. Aug. 29, 2018), wherein the parties submitted an Agreed Protective Order for the protection of alleged confidential and private

information but failed to explain why the order was necessary. The Court denied the motion without prejudice, instructing that a request for a protective order should set forth the reasons why the order is necessary. *Id*. at DN 28. The parties subsequently filed a new Motion for Protective Order, which the Court granted, noting that the parties explained that the materials sought to be protected were nude or seminude photographs and that dissemination of the images is sensitive, could constitute a crime, and could adversely impact ongoing criminal proceedings. *Id*. at DN 33.

The parties herein are similarly encouraged to set forth with specificity the reasons protection is sought for a narrowly defined class of documents or to simply agree among themselves to have certain limitations on the materials produced in discovery without court intervention. *Hasenbein v. F3EA, Inc*., 3:20-cv-822-BJB-RSE, 2021 WL 6496791, at *1 (W.D. Ky. May 18, 2021).

For the foregoing reasons, the Court declines to enter the Parties' Proposed Agreed Protective Order [DN 17-1], without prejudice.

November 16, 2026

**Lanny King, Magistrate Judge**
**United States District Court**